IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ELLENA WILLIAMS-TUCKER, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TEXAS HEALTH RESOURCES, § <br> § <br> Defendant. § | CIVIL ACTION NO. 6:25-CV-00024-JDK |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Texas Health Resources ("Defendant" or "THR") Motion to Stay and to Compel Arbitration. (Doc. No. 5.) The motion is unopposed. *Id.* For the reasons stated herein, the Court **GRANTS** Defendant's Motion (Doc. No. 5).

## FACTUAL BACKGROUND

Plaintiff Ellena Williams-Tucker was a former employee of Defendant whose employment was terminated on November 8, 2023. (Doc. No. 1, at ¶ 5.) Plaintiff filed this suit on January 23, 2025, alleging that Defendant discriminated against her on the basis of disability and failed to accommodate her in violation of the Americans with Disabilities Act (ADA) and the Texas Commission on Human Rights Act (TCHRA), and further alleges a claim for retaliation in under the Family and Medical Leave Act (FMLA) *Id.* at ¶¶ 14–23. Defendant contends that Plaintiff's claims are subject to the THR Arbitration Agreement ("Agreement") and should be stayed until the completion of arbitration. (Doc. No. 5.) Plaintiff does not oppose.

The Agreement provides that Plaintiff agrees to participate in binding arbitration, including all covered claims in relevant part:

1

> [A]ll legally cognizable claims arising from my employment at Texas Health and/or the termination or separation of that employment to mutually binding arbitration…. Claims covered by this Agreement include, but are not limited to, claims involving harassment, discrimination or retaliation of all types, including but not limited to claims under… the Americans with Disabilities Act…and all other federal or state statutes establishing claims for harassment, discrimination, or retaliation of any time… This Agreement extends to leave-related claims, including any alleged violation of the Family and Medical Leave Act.

(Doc. No. 6-1.)

Employer business records show that Plaintiff completed the paperwork and acknowledgment of the Arbitration Agreement on September 28, 2021, and THR's general counsel, Ed Farrar, provided a declaration stating that based on his records, Plaintiff accepted the Agreement and most recently agreed to participation through a refresher course on March 15, 2023. (Doc. No. 6-1.)

## LEGAL STANDARD

"The Federal Arbitration Act ("FAA") expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). The FAA, "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

When considering a motion to compel arbitration, the court must address two questions. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (citing *Fleetwood Enterprises Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). "First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement." *Id.* In regard to the first question of contract validity, the Court should apply "ordinary

2

state-law principles that govern the formation of contracts." *Id.*, 568 F.3d at 222 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). An employer attempting to enforce an arbitration agreement must show the agreement meets all requisite contract elements. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003). The second question of scope is answered "by applying the 'federal substantive law of arbitrability....'" *Graves,* 586 F.3d at 222 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

## DISCUSSION

As to the first question regarding the validity of the Agreement, there is no dispute that the Agreement is valid, and the court finds there is a valid agreement to arbitrate. (Doc. No. 6-1.) Having found the Agreement to be valid, the only remaining question is whether Plaintiff's claims fall within the scope of the Agreement. Here, Plaintiff's claims for violations of the ADA and FMLA expressly fall within the covered claims of the Arbitration Agreement, as set out above. *Id.* As such, Plaintiff must assert her claims against Defendant in arbitration rather than in this court. Further, the court is unaware of any federal statute or policy which renders Plaintiff's claims nonarbitrable. Under the FAA, once a court finds that arbitration is required, it must stay the underlying litigation to allow arbitration to proceed. 9 U.S.C. § 3.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Compel Arbitration (Doc. No. 5) is **GRANTED** and the case is **STAYED** pending arbitration. The parties shall file a notice with the court within 5 days of the completion of the arbitration proceedings indicating whether this matter can be closed.

So ORDERED and SIGNED this 18th day of February, 2025.

3

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE